FILED'08 JAN 08 11:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES SMITH,

        Plaintiff,        Civil No. 07-1891-CL

        v.                FINDINGS AND
                            RECOMMENDATION

DETECTIVE PHALEN,

        Defendant.

CLARKE, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendant violated his civil rights by arresting and interrogating him without advising him of his Miranda rights. Plaintiff alleges that defendant's alleged conduct occurred on "5-06-02."

    42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wilson v. Garcia, 471 U.S. 261, 266

1 - FINDINGS AND RECOMMENDATION

(1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991); see also, Hoestery v. City of Catherdral City, 945 F.3d 317, 319 (9th Cir. 1981).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

Plaintiff alleges that defendant violated his rights on "5-06-02." I find that his claim accrued at that time. Thus in order to be timely, plaintiff should have filed his complaint in this action by May 6, 2004. Plaintiff filed his complaint on December 26, 2007. Therefore plaintiff's claim is barred by the statute of limitations.

Plaintiff's Complaint should be dismissed on the ground that plaintiff's claim is barred by the statute of limitations. This proceeding should be dismissed. Plaintiff's Motion for Appointment of Counsel (#2) should be

2 - FINDINGS AND RECOMMENDATION

denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 9 day of January, 2008.

_____
Mark D. Clarke
United States Magistrate Judge